1    Michael G. Miller, Bar No. 136491
     Miller@perrylaw.net
2    Nicole M. Jaffee, Bar No. 255944
     Jaffee@perrylaw.net
3    PERRY, JOHNSON, ANDERSON,
     MILLER & MOSKOWITZ, LLP
4    438 1st Street, 4th Floor
     Santa Rosa, California  95401
5    Telephone: (707) 525-8800
     Facsimile: (707) 545-8242
6
     Attorneys for Plaintiff
7    MARY MUTO

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10   MARY MUTO,                          Case No.

11            Plaintiff,                 **COMPLAINT FOR DAMAGES:**
                                         **(1) Age Discrimination [42 U.S.C. §12101 *et***
12        v.                             ***seq.*];**
                                         **(2) Age Discrimination [Cal. Gov't Code**
13   COUNTY OF MENDOCINO and DOES 1      **§12940(a)];**
     through 20, Inclusive,              **(3) Disability Discrimination [29 U.S.C.**
14                                       **§621 *et seq.*];**
             Defendants.                 **(4) Disability Discrimination [Cal. Gov't**
15                                       **Code §12940(a)]; and**
                                         **(5) Wrongful Termination in Violation of**
16                                       **Public Policy**

17                                       **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

                                    1

Complaint for Damages

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

Plaintiff MARY MUTO (hereinafter "Plaintiff" or "Ms. Muto") by and through her undersigned attorneys and for her Complaint alleges that:

1.      This action seeks remedies for the unlawful discrimination Ms. Muto experienced as a social worker with defendant County of Mendocino (hereinafter "Defendant").

2.      Defendants Does 1 through 20, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting the true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the harm caused to Plaintiff.

3.      At all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venture, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in doing the things alleged in this Complaint.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343 and Section 7(c) of the ADEA, 29 U.S.C. section 626(c) in that Plaintiff alleges Defendant violated the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act.

5.      This Court has supplemental jurisdiction over the claims pursuant to the California Fair Employment and Housing Act, California Government Code section 12940 *et. seq.* under 28 U.S.C. section 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal court as to form part of the same case or controversy.

6.      Venue is properly in this Court pursuant to 28 U.S.C. section 1391(b) because a substantial part of the events giving rise to these claims occurred in this District.

7.      Plaintiff has exhausted all administrative remedies.

## FACTUAL ALLEGATIONS

8.      On or around February 23, 2015, Defendant hired Ms. Muto as a Social Worker Assistant II with the Department of Social Services, specifically with the Adult Protective Services Program.

9.      At all times during her employment, Ms. Muto was fully qualified for her position and was performing her job duties well.  In fact, Ms. Muto excelled at her job and always received excellent feedback.  She received several merit-based salary increases.

10.      On or around October 12, 2016, Ms. Muto was promoted to Social Worker III. Ms. Muto's spent most of her time in the field, responding to concerns of abuse, neglect or self-neglect for vulnerable senior citizens aged 65 or older and dependent adults.  Ms. Muto collaborated with law enforcement agencies, hospital and medical personnel, Home Health staff, senior centers and others to work together in the best interest of Ms. Muto's clients.  The rest of her time was spent in trainings, team meetings and preparing reports at the office.  Ms. Muto was also regularly on-call and responsible for emergency calls.

11.      Plaintiff got along well with her co-workers and acted professionally at all times, both in the office and out in the field.

12.      In or around 2017, Ms. Muto underwent medical testing, which ultimately resulted in a diagnosis of mild cognitive impairment (hereinafter "MCI").  According to Ms. Muto's neuropsychologist, the underlying cause of the MCI was likely due to vascular disease or other neurodegeneration and which caused, among other things, impatience and moodiness. Ms. Muto worked with her neuropsychologist on methods to self-monitor and techniques for coping with the symptoms.

13.      Plaintiff is, and was at all times mentioned herein, disabled by the mental impairment, MCI, which substantially limits one or more major life activities.  She is, and was at all times herein mentioned, otherwise qualified to perform the essential functions of a Social Worker.

14.      Plaintiff informed Defendant of both the medical testing and her disability.

15.      Following learning of the medical testing and its results, Defendant started to

Complaint for Damages

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

fabricate workplace issues with Ms. Muto in an effort to reprimand her. Ms. Muto's supervisors called co-workers into meetings to discuss Ms. Muto in an effort to create false complaints about her.

16.     On March 14, 2019, at Defendant's request, Ms. Muto's co-workers filed complaints against Ms. Muto, accusing her of snapping at them. Defendant performed a sham investigation against Ms. Muto and placed her on paid administrative leave that day.

17.     On March 14, 2019, Ms. Muto was 58 years old.

18.     On July 22, 2019, Defendant provided Ms. Muto with a Notice of Intended Disciplinary Action in which Defendant accused Ms. Muto of being unprofessional and hostile toward her co-workers and supervisors.

19.     On August 15, 2019, Defendant terminated Ms. Muto. The termination was upheld by the Civil Service Commission on January 15, 2020.

20.     At the time of her termination, Ms. Muto was approximately 6 months from her employment benefits being vested. Ms. Muto was also on the brink of taking a costly disability leave. Given that Ms. Muto was suffering from a medical condition of which Defendant was aware, Defendant would have been forced to accommodate that medical condition if it continued to employ her. Instead, Defendant discriminated against Ms. Muto, fabricating false complaints and using Ms. Muto's disability as an excuse to terminate her.

21.     Ms. Muto was reprimanded and terminated because of her age and disability.

22.     As a result of Defendant's unlawful and discriminatory conduct, Ms. Muto suffered damages, including economic losses and emotional distress.

23.     On June 8, 2020, the Department of Fair Employment & Housing issued a Right to Sue Letter to Plaintiff, of which a true and correct copy is attached hereto as **Exhibit A** and incorporated herein by reference.

## **FIRST CAUSE OF ACTION**

### **Disability Discrimination – Violation of 42 U.S.C. §12101, *et seq.***

### **(Against All Defendants)**

24.     Plaintiff realleges and incorporation therein by reference all allegations set forth

4

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

in paragraphs 1 through 23 as though fully set forth herein.

25.     During the course of her employment with Defendant, Ms. Muto suffered from a serious medical condition that required ongoing treatment and limits major life activities.

26.     Defendant knew Ms. Muto was disabled.

27.     Throughout her employment with Defendant, Plaintiff performed the job of Social Worker satisfactorily.

28.     Defendant wrongfully discriminated against and terminated Ms. Muto on January 15, 2020 because of her disability.

29.     As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in wrongfully terminating Ms. Muto's employment, Ms. Muto has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation.

30.     The foregoing acts of Defendant are oppressive, malicious and despicable and, therefore, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Disability Discrimination – Violation of Cal. Gov't Code §12940(a)

### (Against All Defendants)

31.     Plaintiff realleges and incorporation therein by reference all allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32.     During the course of her employment with Defendant, Ms. Muto suffered from a serious medical condition that required ongoing treatment and limits major life activities.

33.     Defendant knew Ms. Muto was disabled.

34.     Throughout her employment with Defendant, Plaintiff performed the job of Social Worker satisfactorily.

35.     Defendant wrongfully discriminated against and terminated Ms. Muto on January 15, 2020 because of her disability.

Complaint for Damages

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

36.     As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in wrongfully terminating Ms. Muto's employment, Ms. Muto has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation.

37.     The foregoing acts of Defendant are oppressive, malicious and despicable and, therefore, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

**Age Discrimination – Violation of 29 U.S.C. §621, *et seq.***

**(Against All Defendants)**

38.     Plaintiff realleges and incorporation therein by reference all allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39.     Plaintiff is, and was at the time of her termination, over the age of 40.

40.     Throughout her employment with Defendant, Plaintiff performed the job of Social Worker satisfactorily.

41.     Defendant terminated Ms. Muto because of her age and, specifically, to try to avoid having to pay Ms. Muto vested benefits.

42.     As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in wrongfully terminating Ms. Muto's employment, Ms. Muto has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation.

43.     The foregoing acts of Defendant are oppressive, malicious and despicable and, therefore, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

/ / /

/ / /

6

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

**FOURTH CAUSE OF ACTION**

**Age Discrimination – Violation of Cal. Gov't Code §12940(a)**

**(Against All Defendants)**

44.     Plaintiff realleges and incorporation therein by reference all allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     At termination on January 15, 2020, Plaintiff was 58 years old.  At all times mentioned herein, Ms. Muto satisfactorily performed her duties and responsibilities as expected by Defendant.

46.     On or around January 15, 2020, Defendant wrongfully discriminated against Ms. Muto and terminated her on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et. seq.*

47.     As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in wrongfully terminating Ms. Muto's employment, Ms. Muto has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation.

48.     The foregoing acts of Defendant are oppressive, malicious and despicable and, therefore, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Against All Defendants)**

47.     Plaintiff realleges and incorporation therein by reference all allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.     On or around January 15, 2020, Ms. Muto was 58 years old.

49.     On or around January 15, 2020, Ms. Muto was suffering from a medical condition diagnosed as MCI and was undergoing treatment of said condition, of which Defendant was aware.

7

50.     At all times relevant herein, there existed fundamental and established California public policies as codified by case law and statute, including but not limited to California Government Code section 12940(a).

51.     On or around January 15, 2020, Defendant violated California public policies by wrongfully terminating Ms. Muto on the basis of her age and disability.

52.     As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in wrongfully terminating Ms. Muto's employment, Ms. Muto has suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation.

53.     The foregoing acts of Defendant are oppressive, malicious and despicable and, therefore, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     A declaratory judgment that the practices complained of herein are unlawful and violate 29 U.S.C. Section 621, *et seq*, California Government Code sections 12940, *et seq.*, and 42 U.S.C. section 12101, *et seq.*;

2.     A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in policies, patters and/or practices that discriminate against Plaintiff;

3.     General damages according to proof on each cause of action for which damages are available;

4.     Compensatory damages according to proof on each cause of action for which damages are available;

5.     Special damages according to proof on each cause of action for which damages are available;

6.     Reinstatement;

7.     Front pay benefits;

Complaint for Damages

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

8.      Back pay (including interest and benefits);

9.      Liquidated damages;

10.     Exemplary and punitive damages in an amount commensurate with Defendant's ability to pay and to deter future conduct;

11.     Reasonable attorney fees incurred in this action on those causes of action for which fees are recoverable under the law.

12.     Costs of suit incurred in this action;

13.     Pre-judgment and post-judgment interest, as provided by law; and

14.     For such other and further relief as this Court may deem just and proper.

PERRY, JOHNSON, ANDERSON, MILLER
& MOSKOWITZ, LLP

DATED: September 6, 2020          By: /s/ Michael G. Miller

MICHAEL G. MILLER
NICOLE M. JAFFEE
Attorneys for Plaintiff
MARY MUTO

## DEMAND FOR JURY TRIAL

Plaintiff Mary Muto hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

DATED: September 6, 2020          By: /s/ Michael G. Miller

MICHAEL G. MILLER
NICOLE M. JAFFEE
Attorneys for Plaintiff
MARY MUTO

9

Complaint for Damages